**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**PATTY JO SHARP,**

          **Plaintiff,**

**v.**                               **Civil Action No. 3:16-cv-375**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**

          **Defendant.**

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO COMPEL
DEPOSITION APPEARANCE, OVERRULE OBJECTIONS, AND TO COMPEL FULL
DISCOVERY RESPONSES**

      The Plaintiff, by counsel, respectfully submits this memorandum of law in support of her

Motion to Compel Deposition Appearance, Overrule Objections, and to Compel Full Discovery

Responses.  In the alternative to compelling the deposition appearance of the ACDV operator,

Plaintiff moves for an order prohibiting Experian from introducing any evidence that it

conducted an investigation of Ms. Sharp's dispute.  Pursuant to Local R. 37(E), the Plaintiff

certifies that counsel have made a good faith effort to meet and confer to resolve the dispute

herein.

## INTRODUCTION

      This case arises from Experian's inaccurate and derogatory reporting that Ms. Sharp was

delinquent and in default on accounts at Bank of America when, in fact, she was a victim of

identity theft and fraud.  Despite the fact that the perpetrator of the identity theft and fraud was

convicted of these crimes in Hanover County, Experian refused to investigate or correct Ms.

Sharp's consumer report with respect to the Bank of America accounts.  It continued to attribute

the accounts to her as delinquent and in default, and to this day allege that the reporting is

accurate.  This derogatory reporting caused her to suffer not only loss of credit, but humiliation and emotional distress that Experian was reporting false information about her to third parties.

Accordingly, Plaintiff filed this lawsuit under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*., against Experian that despite the detailed dispute by Ms. Sharp and the undisputed evidence of adjudicated identity theft, Experian failed to investigate the dispute and correct it.  Following the discovery planning conference and Rule 16(b) order in this case, the parties commenced discovery.[1] Plaintiff diligently and timely commenced discovery, including requesting dates for depositions.  Plaintiff attempted to cooperate with Experian in setting depositions.  However, Experian refuses to provide dates or produce an important a fact witness – the employee or agent actually responsible for conducting the investigation into Ms. Sharp's dispute.  First, Experian claimed to not know who conducted the investigation, then claimed the individual is not employed or controlled by Experian.  Despite being served with a deposition notice pursuant to Fed. R. Civ. P. 30(b)(1) on December 8, 2016, Experian failed to produce the witness on December 21, 2016, and did not move for a protective order.  (Declaration of Susan M. Rotkis; Ex. 1).  Plaintiff now moves to compel the immediate production of the ACDV employee or agent who conducted the investigation of the Plaintiffs disputes at a time and place convenient to the Plaintiff.

In addition, Plaintiff served written discovery on November 4, 2016.  Defendant requested a short extension to respond and an extension to serve objections.  Plaintiff agreed, and Defendant responded on December 16, 2016, by objecting to every single interrogatory and

---

[1] The Plaintiff previously settled her complaint against Bank of America, Equifax and Trans Union.

[2] Experian has since provided an interrogatory response with the name of its Chilean service center employee who performed the investigation.  At the time Plaintiff served the deposition notice, Experian did not know the processor's identity.

[3] Defendant claims that it has no control over the individuals it employs at its service center in Chile to conduct the investigations that it claims are compliant with the FCRA.  Despite being put on specific notice of losing this same argument in *Calderon v. Experian*, it has refused to produce or commit to producing the ACDV processor that investigated Ms. Sharp's disputes.  (Ex. 1; Ex. 2-3 to Rotkis Decl.).

[4] Under Rule 26, a party withholding information under a claim of privilege or attorney work product must "(i)

request for production and refusing to substantively answer any written discovery.   (Exs. 2, 3). The parties met and conferred on December 20, 2016.  On December 23, 2016, the Defendant supplied supplemental responses and documents.  (Exs. 4, 5).  Plaintiff now moves to overrule the Defendant's objections and to compel the Defendant's response to the Plaintiff's written discovery.

### Procedural History

The Plaintiff requested deposition dates for the two fact witnesses identified by Experian in the Rule 26(a)(1) disclosure as well as the ACDV processor who actually processed the Plaintiff's disputes. (Ex. 1)(Ex. 1 to Rotkis Decl., e-mail from Rotkis to Hody requesting deposition dates). Hearing nothing, on December 8, 2016, the Plaintiff served notices to take the depositions of the Defendants fact witnesses on dates certain.  (Ex. 1)(Ex. 2 to Rotkis Decl., Deposition Notices). Defendant responded that it didn't know who the witnesses were and that the dates would not work.  Plaintiff agreed to work with the Defendant on setting the dates, but the Defendant took the position it would not and could not produce the ACDV operators that were located in Chile.  (Ex. 1)(Ex. 2 – 3 to Rotkis Decl., email correspondence among counsel regarding the depositions of ACDV operators).   Plaintiff's counsel provided authority demonstrating that the Defendant's position was unjustified, yet Defendant failed to produce the witness or move for an order of protection. *See Calderon v. Experian Info. Sols., Inc.,* 287 F.R.D. 629 (D. Idaho Oct. 31, 2012) *affirmed, Calderon v. Experian Info. Sols., Inc.,* 290 F.R.D. 508 (D. Idaho June 5, 2013).

With respect to written discovery, as agreed in the Rule 26(f) planning conference, Defendant served the Plaintiff with documents identified in its disclosures.  (Ex. 6)(EXPSHARP 000001-000103).  These disclosures consisted mainly of documents already in Plaintiff's

possession such as her Experian consumer report, her disputes, and Experian's response verifying her disputed account.  It also included a copy of the Automated Consumer Dispute Verification (ACDV), but the ACDV did not include the identity of the Experian employee or agent who conducted the investigation of Ms. Sharp's dispute.  (EXPSHARP 103). The Plaintiff also timely propounded written discovery, which Experian objected to in its entirety.

When a party objects to every single interrogatory and every single request for production, it is clear discovery abuse.  In this case, after meeting and conferring, the Plaintiff withdrew and narrowed certain requests, and explained others.  Plaintiff requested – and Defendant agreed – that where Defendant supplemented the discovery responses it would either withdraw the objection or explain whether and what information was being withheld.  The Defendant has withdrawn some of its objections.  However, in many of the responses, it has maintained its objection despite providing some sort of answer. In others, it has "stood" on its objections, refusing to answer.  In many others, it has provided a non-responsive or incomplete answer.  For instance:

1.     Interrogatories where Defendant has not withdrawn its objection, but provided an answer:  1, 3, 4, 5, 6, 8, 10, 13, 14, 15, 16, 22.  When Defendant responds with both an objection and a response, it is impossible for the Plaintiff to know whether the Defendant has responded fully or is withholding information. In the meet and confer, the Defendant stated it would provide information to the Plaintiff regarding the information being withheld subject to an objection or whether it has been fully answered.  This, it has not done.

2.     Interrogatories where Defendant "stands" on its objection and refused to provide a response without first moving for a protective order: 2, 9 & 10.

In #2, the interrogatory requests the amount of money paid to Experian by BOA in a three-year timeframe and for the identity of the individuals with knowledge and documents that contain the information.  Experian stands on its objection, but states that BOA doesn't pay it to conduct reinvestigations.  The interrogatory states nothing about reinvestigations, rather, how much money BOA paid to Experian.

In #9, the Plaintiff has requested communications between the Defendant and BOA regarding BOA's investigation procedures.  For instance, Experian responds with a long objection, stands on its objection without moving for an order of protection, and states that it does not instruct BOA how to conduct investigations.  It also objects because there is no definition the words occasion, establishment, maintenance, implementation, improvement, modification, or process.

In #10, Experian doesn't state that it stands on its objection, but nonetheless does not answer based on its objections that it can't provide any facts to support its affirmative defenses, since some of them are legal theories not reliant on facts, others are based on facts solely within the Plaintiff's control, and still others need to be investigated.

3.       Interrogatories where Defendant has objected and provided a partial or non-responsive answer: 1, 3, 5, 11, 12, 13, 15

In #1, Defendant claims that the request is premature and it is still investigating the steps it took to investigate Ms. Sharp's dispute.  Then, instead of providing the specificity requested in the interrogatory, Experian provides none of the details regarding the specific steps it took to investigate Ms. Sharp's dispute.  In #3, 5, Experian provides no answer except to refer to the vague answer in #1.

In #11, Plaintiff requests information concerning the number of disputes and ACDVs processed by Experian each year since 2014 regarding BOA account information.  Experian refers to its answer to RFP 22, wherein it states that it doesn't compile such statistics but is researching whether it can determine the number of times it generated an ACDV to BOA in the requested timeframe.

In #12, Plaintiff requests information regarding the lawsuits filed by consumers against Experian based on the same claims as in this case.  Defendant refers to RFP # 37, which requests different information than the information in Interrogatory #12.  RFP #37 requests all consumer *complaints* in the past four years.  Request #37 is not limited to lawsuits, but Defendant provided a list of the styles of lawsuits but not the other information requested in interrogatory #12.  Otherwise, it has not withdrawn its objection to RFP #37 that it can't provide the information requested because, by law, it has to protect consumer privacy.  The law and objection cited by Experian in its objection pertains to consumer reports as defined in the statute, not consumer complaints and information requested in the interrogatory and RFP, and is therefore inapplicable.

In #13, Defendant again objects that it doesn't understand certain words such as research, report, study, memo, other document, generated, or effectiveness, because the Plaintiff has not provided a definition.  It objects that the request is overly burdensome without stating the nature of the burden that prevents it from answering.  Nonetheless, Experian states it will provide additional information if it can find it by January 6, 2017, but hasn't withdrawn its objection.

In #15, Defendant refers to its non-responsive answers to Interrogatory 12 and RFP 37, but maintains its long list of objections including that the information requested is confidential, proprietary and trade secret information, but hasn't identified whether and what it is withholding based on this objection.  Plaintiff has provided an agreeable prospective blanket protective order

to Experian, but Experian insists on other terms to which the Plaintiff hasn't agreed.  (Ex. 9).
Defendant also objects that the information sought is protected from disclosure by the FCRA, but
the Plaintiff hasn't requested consumer reports, but rather records of complaints based on
Experian's failure to conduct a reasonable investigation with respect to information provided by
BOA.

In #16, the Plaintiff has asked for information regarding the identity and prior testimony
of individual witnesses that have knowledge of the facts of this case, to which Experian objects
because it is conducting its investigation into the Plaintiff's allegations.  Nonetheless, it identifies
the one witness disclosed in its mandatory disclosures but non of her prior testimony.

**Requests for Production**

1.      Requests for which the Defendant has provided responsive documents, but not
withdrawn its objection:  1, 4, 5, 7, 15, 18, 19, 20, 22, 23, 24, 25, 27, 29, 30, 36, 37, 38.

2.      Requests for which the Defendant stands on its objections and refused to answer:
5, 36, and 39.

3.      Requests for which the Defendant provided only partial responses or non-
responsive documents: 6, 37, and 38.

Since the Defendant has failed to provide substantial and full responses thus far, and with
the discovery cutoff in this case approaching on January 21, 2017, Plaintiff is left with no other
choice but to file this motion.

## ARGUMENT

I.      **Experian must be compelled to produce the witness pursuant to the duly
noticed deposition of the person or persons who conducted the investigation
of Ms. Sharp's disputes.[2]**

---

[2] Experian has since provided an interrogatory response with the name of its Chilean service center employee who performed the investigation.  At the time Plaintiff served the deposition notice, Experian did not know the processor's identity.

The Defendant failed to produce a duly-noticed witness for a deposition on December 21, 2016.  Plaintiff's counsel appeared by telephone and the court reporter appeared in person at the offices of Jones Day in Dallas, Texas, as noticed. (Ex. 1)(Rotkis Decl.¶¶ 13-14).  Not only did Experian fail to provide an alternative date, it refused even to produce such a witness.[3]  The Defendant, at a minimum, must be compelled to produce the witness at a time and place convenient to the Plaintiff, to pay the fees and costs of the non-appearance and to bring this motion. *Alpha Omega Servs. v. Dyncorp Intern. LLC,* Civ. 1:13cv809, 2014 WL 1401800, at *4 (E.D.Va. April 9, 2014)(sanctioning the uncooperative party for refusing to schedule depositions); *Moncada v. Evan Energy Co.,* Civ. 3:03CV240, 2003 WL 2544191, at *1 (Dec. 10 2003). In the alternative, the Court should prohibit the Defendant from introducing any evidence or argument that it conducted an investigation of the Plaintiff's disputes.  Plaintiff has extended every courtesy contemplated by the Rules to coordinate the setting of depositions and the identification of witnesses, seeking cooperation for a month.  It is now the beginning of January, and despite diligently attempting to schedule these depositions, the Plaintiff has not been able to take a single fact-witness deposition. Currently, the Defendant's offered only a single date on which to take the deposition of Experian's only disclosed witness (whom Experian also designated as the corporate witness) on January 6, 2017, which is currently scheduled. The discovery cut-off is January 21, 2017, and the Defendant's non-cooperation has impaired the Plaintiff's fact-finding as provided in the Federal Rules of Civil Procedure.

As far as counsel is aware, this Court has never allowed an FCRA to refuse to produce an ACDV operator for a deposition.  On the contrary, this Court and others around the country have

---

[3] Defendant claims that it has no control over the individuals it employs at its service center in Chile to conduct the investigations that it claims are compliant with the FCRA.  Despite being put on specific notice of losing this same argument in *Calderon v. Experian*, it has refused to produce or commit to producing the ACDV processor that investigated Ms. Sharp's disputes.  (Ex. 1; Ex. 2-3 to Rotkis Decl.).

ordered FCRA defendants to produce the ACDV operators for depositions. *Berrios v. Experian Info., Sols. Inc.,* Civ. 1:11CV1130 (E.D.Va. 2011)(ECF 69)(denying Flagstar Bank's motion for protective order "requiring Plaintiff to issue subpoenas for ACDV operators"); *Calderon v. Experian Info. Sols., Inc.,* 287 F.R.D. 629 (D. Idaho Oct. 31, 2012) *affirmed, Calderon v. Experian Info. Sols., Inc.,* 290 F.R.D. 508 (D. Idaho June 5, 2013)(concluding that the Plaintiff was permitted to take the depositions of Experian's Chilean employees regarding the investigation of Plaintiff's disputes); *Tamblay v. Equifax Info. Servs.* LLC, Civ. 1:14CV130, Tr. 12:7-16 (Ex. 7)(granting the Plaintiff's motion to compel the deposition of the offshore ACDV operator by ordering Equifax to instruct their offshore agent to produce the witnesses); *Grizzard v. MBNA Am. Bank*, Civ. 3:04CV625 (E.D.Va. 2005)(in the pretrial conference, on Plaintiff's motion *in limine*, the Court expressed its "major concerns regarding Equifax putting evidence regarding third party's investigations that take place outside the United States.")(Ex. 8).

Given the well-known history of this discovery tack to hide the ACDV fact witnesses in discovery, Experian's conduct should be sanctioned. *Alpha Omega Servs. v. Dyncorp Intern. LLC,* Civ. 1:13cv809, 2014 WL 1401800, at *4 (E.D.Va. April 9, 2014)(sanctioning the uncooperative party for refusing to schedule depositions).

**II.    Experian has engaged in discovery abuse by over-objecting, serving non-responsive answers, failing to answer at all, failing to move for a protective order, failing to withdraw objections, failing to identify specific responsive documents, and failing to serve a privilege log.**

**A.    Interrogatories**

Initially, Defendant served its objections with its discovery responses by agreement.  It didn't meaningfully respond to any discovery, but instead treated the extended response time as merely an extension of time to serve its universal objections.  After meeting and conferring, the Defendant has continued to object to 14 of the 22 Interrogatories and 19 of the RFPs. To this

day, Defendant has stood on its objection and failed to provide any response at all to interrogatories 2, 9, and 10 and RFP 36 and 39 without seeking an order of protection.  The unresponded-to interrogatories all explore Experian's understanding and knowledge of its duty to perform reasonable investigations of consumer disputes. Plaintiff has alleged a willful violation of 15 U.S.C. 1681e(b) and 1681i, and the Plaintiff is entitled to explore whether Experian has willfully violated the statute by learning about what kind and how many FCRA lawsuits it has defended, as well as its relationship with BOA, upon whose verification it relied to ignore Ms. Sharp's verified dispute and evidence.

The unresponded-to requests for production seek to understand the financial incentives and level of deference in the relationship between Bank of America and Experian.  The requests are time limited to approximately two years prior to the filing of the Complaint, which is a reasonable time.

> **B.**   **Refusing to respond or failing to respond adequately to Requests for Production of Documents**

The Plaintiff served 42 requests for documents, but narrowed the requests substantially following the meet and confer process. Even after supplementing its responses, including by producing nearly 1118 pages of documents, Experian has still failed to respond in a meaningful way (other than by objection).  Experian's objections should be overruled in their entirety and they should be required to answer since they have not timely moved for a protective order.

Before analyzing the discovery abuse here, it is worth noting again that despite meeting and conferring on these requests and objections, the Defendant hasn't withdrawn most of its objection.  It has not provided any information about the burden it objects to, or how the cost or the reason that the Plaintiff's requests are disproportional to the needs of the case. The FCRA imposes two obligations on Experian that are at issue in this case.

1.      **Defendant's privilege and work product objections should be overruled because no privileged or work product was specifically identified and no log was timely served.**

The Plaintiff specifically agreed to a protective order to provisionally govern confidential information in this case. (Ex. 9).   Experian has insisted on a protective order to which the Plaintiff does not agree, especially given the discovery abuse in this case. Despite the lack of a protective order, the Plaintiff has nonetheless agreed to keep confidential the Defendant's production unless there is a disagreement regarding the designation.   Defendant has designated all but 103 of the 1118 pages as confidential.  Defendant has not served a privilege log, but rather objected to discovery requests with a boilerplate objection devoid of the specificity required to assert privilege or work product objections that could protect it from production. The Defendant has also objected based on provisions of the FCRA that govern consumer reports, not the information sought by the Plaintiff in her discovery requests.  Experian has not timely moved for a protective order.   Experian hasn't identified any document that is entitled to any sort of protection based on the very high bar required to demonstrate information is a business or trade secret, and even so, it would not be a reason to prevent its production.

This Court's Local Rules provide that discovery objections are due 15 days after the service of the discovery requests to which they object. L.R. 26(C). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4)[4]; *see also Cappetta v. GC Servs. Ltd. P'ship*, CIV. A. 3:08CV288, 2008 WL 5377934, at *2 (E.D. Va. Dec. 24, 2008); *Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005). Waiver is

---

[4] Under Rule 26, a party withholding information under a claim of privilege or attorney work product must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). A privilege log must be provided at the time the party objects to the Request. The Federal Rules and the Local Rules are clear that a failure to provide a timely or complete privilege log that gives a meaningful description of the document(s) withheld will both constitute a waiver of the privilege. The Defendant has provided neither. As a result, its general claims of privilege are not proper or effective and should be overruled.

particularly appropriate where in cases of unjustified delay, inexcusable conduct, and bad faith. *Rambus, Inc. v. Infineon Tech's AG*, 220 F.R.D. 264, 273 (E.D. Va. 2004) ("The finding of inadequacy, particularly in light of Rambus' earlier discovery and litigation misconduct, conceptually is sufficient to warrant a finding that the privileges have been waived."); *see also Herbalife Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, CIV.A. 5:05CV41, 2006 WL 2715164, at *4 (N.D. W. Va. Sept. 22, 2006); *Smith v. James C. Hormel Sch. of Virginia Inst. of Autism*, 3:08CV00030, 2010 WL 3702528 (W.D. Va. Sept. 14, 2010). However, such behavior on the part of the withholding party is not required and courts have found the protection to be waived without it. *ePlus Inc. v. Lawson Software, Inc.*, 280 F.R.D. 247, 252-54 (E.D. Va. 2012). The assertion of privilege, and refusal to answer or produce based on privilege must be accompanied by a detailed privilege log that would allow the requesting party to determine whether the information being withheld is relevant and whether to challenge the assertion of privilege.  If no privilege log is produced at all, then the objection is waived.  *Cappetta*, 2008 WL 5377934, at *2. In this case, all privilege, work product and "proprietary" objections must be overruled.

**2.     Defendant's boilerplate and non-specific objections should be overruled because they are improper.**

Defendant's objections should be overruled because they are nothing more than a litany of general and boilerplate objections rejected by this court, and universally disfavored by courts generally.  *Cappetta*, 2008 WL 5377934, at *3 ("just as with relevance objections, merely stating that a discovery request is "overbroad" or "unduly burdensome" will not suffice to state proper objection); *accord Hanwha Azdel, Inc. v. D& C Zodiac Inc.*, 2013 WL 3660562, at *5 (W.D.Va. July 11, 2013).   Federal Rules of Civil Procedure, which require that the grounds for any objection to an interrogatory or a request for production of documents must be specifically

stated. Fed. R. Civ. P. 33(b)(4). The Defendant's remaining objections are equally meritless, as discussed below.

Not only has Experian improperly responded while at the same time maintaining its objections, certain questions to which it has provided answers either are made without withdrawing the objections. The Plaintiff has specifically requested that the objections all be withdrawn and that the Defendant provide information regarding information being withheld on that basis. This court has explained,

> The practice of providing answers "subject to" objections is "confusing and misleading. Moreover, it has no basis in the Federal Rules of Civil Procedure." The practice is misleading as "the propounder of the interrogatory is left guessing as to whether the responding party has fully or only partially responded to the interrogatory."

*Turnage v. Clarity Servs., Inc.,* 2015 WL 5092695, at *2 (E.D.Va. July 22,201)(internal citations omitted)(quoting *Sherwin-Williams Co. v. JB Collision Servs., Inc.* 214 WL 3388871, at *3(S.D.Ca. July 9, 2014); *see also Consumer Elecs. Ass'n v. Compras & Buys Mag., Inc.*, 2008 WL 4327253, at *3 (S.D.Fl. 2008)(explaining that "subject to" and "without waiving objections" "preserve . . . nothing and serve . . . only to waste the time and resources of both the Parties and the Court. Further, such practices leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.")) The court should overrule each objection that the Defendant has failed to withdraw despite having answered in the request.

**3.     The Defendant's "Relevance" Objections Are Improper.**

Throughout its objections to Plaintiff's First Set of Interrogatories and First Set of Requests for Production of Documents, the Defendant has taken the position that information and documents sought by the Plaintiff are not relevant. It seeks to withhold from discovery

information and documents that it has unilaterally deemed irrelevant. The discovery sought is relevant. Fed. R. Civ. P. 26(b)(1).

Under Rule 26(b), the Plaintiff may discover any materials that are not privileged if the materials requested are relevant to a claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information need not be admissible to be discoverable. Despite recent amendments, Rule 26 remains broad—broader than relevancy at trial—permitting a wide range of inquiry at the pre-trial stage. If there is a possibility that the information sought may be relevant and it is proportional to the needs of the case, the court should permit the discovery. *Hickman v. Taylor*, 329 U.S. 495 (1947). The policy underlying this rule is to promote fair litigation, through mutual knowledge of relevant facts. Therefore, the rule is to be liberally interpreted in favor of granting discovery. *Hickman*, 329 U.S. at 507. Discovery of such "relevant" information "is construed broadly to include 'any' matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Midland-Ross Corp. v. United Steelworkers of Am.*, 83 F.R.D. 426, 427 (W.D. Pa. 1979) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)). Recognizing this general policy of free and open discovery, the scope of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). There is complete accord among the United States courts that discovery should be extremely broad. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984); *Herbert v. Lando*, 441 U.S. 153 (1979); *Hickman v. Taylor*, 329 U.S. 495 (1947).

The advisory committee notes to the 2015 amendments that re-inserted the proportionality factors specifically considered that the parties may begin discovery without a full appreciation for the factors that bear on proportionality, especially when the Plaintiff doesn't know what the burden or expense is to produce the requested discovery. Expense is only one of the factors. In this case, the very nature of the cause of action is animated and based on the need to protect a consumer's privacy and to ensure that the consumer reporting about him are accurate because it bears directly on his reputation and credit-worthiness. In this case, the Defendant has provided nothing more than its boilerplate objections, if it is burdened in any way, it has had a chance to so explain the nature of the burden and expense but has chosen not to. In the meet and confer, Experian admitted that it had not attempted to determine the burden or expense.

Courts considering motions to compel have held that the party objecting to production of documents has the burden of proving that the records are either not relevant or that the burden of production is so great as to outweigh the need for fair discovery and the goals of discovery. *Oleson v. K-Mart*, 175 F.R.D. 560, 565 (Kan. 1997); *Burke v. N.Y.C. Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). The party seeking to deny discovery has an affirmative duty to articulate facts, as opposed to mere conclusions, regarding the alleged lack of relevancy or burden. Additionally, for a relevance objection to be adequate, it must be plain enough and specific enough so that the court can understand in what way the discovery request is alleged to be inadequate. *Cappetta*, 2008 WL 5377934, at *5.

Plaintiff very carefully crafted her discovery requests to only seek information relevant to this case, including specific information sought to establish that Experian defers to BOA and merely "parrots" its responses instead of conducting investigations of the Plaintiff's disputes. With only a few exceptions, most of Plaintiff's discovery requests can be categorized as seeking

types of information to prove that Experian failed to conduct an investigation of Ms. Sharp's disputes and that, despite knowing the risk of violating Ms. Sharp's FCRA rights, it merely verified the account when it parroted what BOA told it. Each of these categories is directly relevant to Plaintiff's case and, accordingly, Experian must produce the requested information.

      *1.    Requests regarding whether Experian's FCRA violations were willful*

Plaintiff has alleged a willful violation of the FCRA.  In order to obtain punitive damages under the FCRA, a plaintiff must establish a willful violation. In *Safeco Insurance Co. v. Burr*, the Supreme Court established an objective standard of recklessness to prove a willful violation of the FCRA, defining recklessness as "an action entailing 'an unjustified high risk of harm that either known or so obvious that should be known.'" *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 68 (2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). This standard presents two hurdles for consumers to overcome when there is a question regarding the meaning of statutory requirement that have been violated. The consumer must show, first, that the defendant's reading of the statute was objectively unreasonable, and second, that in making the unreasonable determination, the defendant ran "a risk of violating the law subsequently greater than the risk associated with a reading that was merely careless." *Id.* at 68. With this standard in mind, Plaintiff served several discovery requests related to willfulness, including requests seek information regarding Experian's policies, procedures, and rules for ensuring compliance with the FCRA, the training that it provides to its employees regarding FCRA compliance, how it determines that its policies and procedures are FCRA-compliant, how Experian has informed itself of its duties, how it pays and incentivizes its employees that conduct investigations, its familiarity with the FCRA, and whether Experian was on notice that its procedures might risk violating the FCRA.

Each of these requests is directly relevant to the issue of whether Experian's conduct was a willful violation of the FCRA and thus whether the Plaintiff is entitled to an award of punitive damages. Experian's objections to these requests should be overruled and it should be compelled to provide the responsive information.

> 2.  *Plaintiff's discovery requests regarding Experian's contacts with and knowledge of BOA's credit reporting.*

Plaintiff believes that Experian failed to conduct an investigation of Ms. Sharp's disputes, but instead merely parroted BOA's verification of the accounts. However, Plaintiff is entitled to discover these documents so that she can demonstrate what information Experian knew or should have known about both BOA's inaccurate reporting, failure to investigate, and risk to Ms. Sharp.

As discussed above, Plaintiff has alleged that Experian failed to conduct a reasonable investigation and report accurate information about the Plaintiff. Information regarding Experian's communications with BOA, and any documents exchanged between them are relevant to Plaintiff's claims. The Plaintiff has served discovery requests seeking this information. Accordingly, the Court should overrule Defendant's relevance objections and compel full responses to these requests.

**4.   Experian Improperly Objects on the Basis of Vague or Ambiguous Discovery Requests.**

Defendant objects to discovery as vague, ambiguous, and that it doesn't understand basic words with common meanings. These objections are improper. Experian has provided no indication as to why the discovery request is vague, and despite a lengthy meet and confer where Plaintiff provided ample clarification. The Defendant is not permitted to refuse to answer based on the objections that discovery requests are vague simply because it believes that the responsive documents are damaging to its case. Similar conduct has been harshly criticized within the Eastern

District of Virginia and has often resulted in the improper objection being stricken or the requests being deemed admitted. *See e.g.*, *Barb v. Brown's Buick, Inc.*, CIV. A. 1:09CV785, 2010 WL 446638 (E.D. Va. Feb. 2, 2010); *House v. Giant of Maryland LLC*, 232 F.R.D. 257, 262 (E.D. Va. 2005) ("If the responding party finds the wording of a request for admission imprecise, he should set forth a qualified answer that fairly meets the substance of the request. Requests for admission are not games of "Battleship" in which the propounding party must guess the precise language coordinates that the responding party deems answerable.") (internal citations and quotations omitted). This Court should similarly rule—the Defendant is attempting to hide behind a vagueness objection in order to avoid producing damaging information.

**5.      The Defendant's discovery responses are inadequate.**

In responding to Plaintiff's discovery requests, the Defendant has provided some, but far from all substantive responses, and has improperly narrowed their repsponses. The Defendant provided no responses at all to several of Plaintiff's interrogatories and requests for production as described above.  Many of the responses to the requests for production included the entire bates range of documents produced, without an identification of the specific responsive bates number. The responses still seem to rest on withholding information based on objections, but it is not at all clear. The Defendant is not permitted by Rule 33(d) or 34 to instruct the Plaintiff to go on a hunting expedition through its documents to discern which may or may not be responsive. Accordingly, the Defendant's responses are incomplete and must be supplemented.

**THE DEFENDANT SHOULD BE SANCTIONED FOR ITS CONDUCT**

Rule 37 governs motions to compel disclosure or discovery and provides that, "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34,

fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d). Furthermore, refusal to respond to discovery is not excusable on the grounds that the discovery sought was objectionable, <u>unless the party failing to act has a pending motion for a protective order under Rule 26(c).</u> Fed. R. Civ. P. 37(d)(2); *see also Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 380 F.3d 1084, 1106 (8th Cir. 2004); *Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 11 (D.D.C. 2009); *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 143–44 (E.D. Tex. 2003); *Bregman v. District of Columbia*, 182 F.R.D. 352, 55 n.3 (D.D.C. 1998).

Sanctions under Rule 37(d) may include any of the following: (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; and (vi) rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(d)(3). Moreover, instead of or in addition to the above sanctions, Rule 37 requires that the Court order the disobedient party, that party's attorney, or both to pay the reasonable attorney's fees and expenses caused by their noncompliance with the Court's order. *Id.* The only caveat to this imposition of monetary sanctions is if the failure to comply with the Court's order was substantially justified or some other circumstances make them unjust. *Id.* However, "[t]he district court may use as many and as varied sanctions as are necessary to hold the scales of justice even." *Progressive Minerals, LLC v. Rashid*, CIV.A. 5:07-CV-108, 2009 WL 2761295 (N.D.W. Va. Aug. 28, 2009) (quoting 8 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2284 at 612–13 (1994).

As a general rule, trial courts possess broad discretion in imposing sanctions on parties who refuse compliance with pretrial orders and procedural rules. *Rambus, Inc. v. Infineon Technologies AG*, 145 F. Supp. 2d 721, 736 (E.D. Va. 2001). Courts in this District and Circuit have repeatedly imposed monetary sanctions for violations of discovery rules. *See, e.g.*, *Mut. Fed. Sav. & Loan Ass'n v*, 872 F.2d 88; *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305 (4th Cir. 2001). This court has also imposed sanctions such as striking an answer and dismissal of the case. *Alpha Omega Servs.*, 2014 WL 1401800, at *9; *Scott v. GMAC Mortgage Serv., LLC*, Civ. 3:10CV24, 2011 U.S. Dist. Lexis 40113 (W.D.Va. April 13, 2011).

The Court must consider four factors in determining what sanctions to impose under Rule 37: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *accord Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–05 (4th Cir. 1977); *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In determining the amount of monetary sanctions, Courts typically consider the movant's fees and costs associated with the motion to compel discovery compliance as well as any expenses resulting from the prejudice suffered by the movant. *See, e.g.*, *Zaczek*, 764 F. Supp. at 1078; *DirecTV, Inc.*, 2003 WL 24336356, at *3; *Barksdale v. E & M Transp.*, Inc., 3:10CV140, 2010 WL 4534954, at *4 (E.D. Va. Oct. 27, 2010); *Poole ex rel. Elliott*, 192 F.R.D. at 506.

A. **Experian served a raft of boilerplate objections, failed to fully respond to discovery, failed to cooperate in setting depositions, and failed to timely move for a protective order under Rule 26(c).**

As discussed above, Defendant served objections to all of the Plaintiff's discovery requests. Many, if not all, were groundless. Plaintiff's counsel has requested that Defendant withdraw these objections, but it refuses to do so. Experian's discovery responses are largely deficient. Defendant has addressed many of its deficiencies by producing additional documents on December 23, 2016, despite having seven weeks to respond.

**B.      Experian acted in bad faith.**

Experian knows that it must respond to Plaintiff's discovery. Its obligation to do so under the Federal Rules is clear. In its response to Plaintiff's meet-and-confer, it agreed to provide additional responses. In reliance on this representation, Plaintiff postponed the filing of this motion in the continued hope that Defendant would cooperate in discovery, including setting the depositions. For the requests that it maintained its objections, it did not identify documents it was withholding. Had Defendant truly believed that its objections were relevant, or that Plaintiff's discovery requests were improper, it should have moved for a protective order under Rule 26(c).

**C.      Plaintiff has suffered legal prejudice because of Experian's refusal to meaningfully participate in the discovery process.**

Plaintiff has been prejudiced by the Defendant's misconduct. Because she has not received discovery responses essential to her FCRA case, the Defendant has frustrated the Plaintiff's ability to prove her case with information that is within the sole possession of the Defendant.  The Plaintiff's discovery deadline is less than one month away, and the Plaintiff has been unable to move past initial discovery due to the Defendant's non-compliance. Because Experian has withheld witnesses, documents and responsive information from discovery, Plaintiff has not been unable to formulate supplemental discovery interrogatories and requests for production.

**D.      Experian should be deterred from committing future discovery violations.**

21

Plaintiff's counsel has enjoyed a collegial and professional relationship with Experian's counsel, and Plaintiff feels it is important for the Court to know that it is apparent that the fault for this refusal to comply with discovery is completely within the control of the Defendant itself and not its litigation counsel.  And to the extent that sanctions are sought, Plaintiff submits that they should be directed at the Defendant, not at its counsel. But, if sanctions are not imposed on Experian in this case, it will be incentivized to repeat its abusive discovery tactics and "send the opposite message that the court may be pushed, ignored and defied to the outermost limits so long as the noncomplying party has even an inadequate fallback act ready in the wings should the final curtain be falling".  *Mut. Fed. Sav. & Loan Ass'n v. Richards & Associates, Inc.*, 872 F.2d 88, 94 (4th Cir. 1989).

### E.      Plaintiff is seeking sanctions proportionate to Experian's misconduct.

In this motion, Plaintiff is not seeking the harshest remedies available under Rule 37, such as striking the Defendant's answer or the entry of default judgment. *Alpha Omega Servs.,* 2014 WL 1401800, at *9; *Scott v. GMAC*, 2011 U.S. Dist. Lexis 40113.  Instead, she is only seeking sanctions that are proportionate: compelling discovery and extending Plaintiff's discovery deadline or, in the alternative, prohibiting use of evidence, and an award of her attorney's fees and costs associated with this motion and Experian's failure to appear at a deposition.

### F.      Experian's  failure to meaningfully respond to discovery is not justified.

Experian has the same obligation as all parties to litigation in this court: to proceed without gamesmanship in responding to discovery. Without substantial justification for the failure to respond to discovery requests made under Rules 33 and 34, sanctions can be imposed on a party that did not respond to discovery requests. Fed. R. Civ. P. 37(d)(3).

A showing of substantial justification cannot happen in this case. Despite Plaintiff's good faith effort in the meet-and-confer process to resolve these disputes, and knowing of the case law on this very issue, Experian has refused to provide any justification cognizable under the Rules and the law of this district and division, let alone a substantial justification for failing to adequately respond to Plaintiff's discovery requests. This abusive discovery tactic should be sanctioned. *See, e.g.*, *Scott v. GMAC*, 2011 U.S. Dist. Lexis 40113, (the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.) Even if Experian truly believed it had a legitimate basis to withhold its documents, interrogatory answers, or refuse to supplement its disclosures, it should have moved for a protective order rather than refuse to provide adequate responses to Plaintiff's requests.

## CONCLUSION

The Defendant's significant discovery abuses have severely prejudiced the Plaintiff in her ability to acquire the necessary documents and information he requires to support his claims. Moreover, Plaintiff has been unable to conduct both party and non-party depositions to evaluate the Defendant's compliance procedures and liability. Plaintiff is now forced to file this motion to force the Defendant's compliance with the discovery rules. For the foregoing reasons, the Plaintiff respectfully requests that the Court: (1) overrule the Defendant's objections to Plaintiff's discovery; (2) grant the Plaintiff's Motion to Compel Full Discovery Responses; (3) Order the Defendant's ACDV operator's immediate appearance for a deposition at a time and place convenient to the Plaintiff; (4) in the alternative, prohibit use of evidence or argument regarding Experian's investigation of Plaintiff's disputes in a motion, hearing or trial; (5) grant the Plaintiff costs and fees for the December 21, 2016, deposition as well as the fees and costs to

bring this motion; (5) extend the Plaintiff's discovery period by 30 days in order to conduct follow-up discovery that she has not been able to conduct due to the Defendant's discovery abuse.

Respectfully submitted,

**PATTY JO SHARP,**

By:_____/s/_____
                Of Counsel

Dale W. Pittman, VSB #15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000 - Telephone
(804) 861-3368 - Facsimile
Email: dale@pittmanlawoffice.com

Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Susan M. Rotkis, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1 day of <u>January</u>, 2017, a true and correct copy of the above and foregoing document was filed with the Clerk using the ECF system, which will automatically send a notice of electronic filing (NEF) to the following counsel of record:

David Neal Anthony, Esquire
Troutman Sanders LLP
P.O. Box 1122
Richmond, VA 23218
david.anthony@troutmansanders.com

Jocelin R. Hody
William O'Reilly
Hillary Perkins
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001 - 2113
Email: jhody@jonesday.com


                    _____/s/_____
                    Susan M. Rotkis, VSB #40693
                    CONSUMER LITIGATION ASSOCIATES, P.C.
                    763 J. Clyde Morris Boulevard, Suite 1-A
                    Newport News, Virginia 23601
                    (757) 930-3660 – Telephone
                    (757) 930-3662 – Facsimile
                    E-mail: srotkis@clalegal.com