UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**PATTY JO SHARP,**

    **Plaintiff,**                                Case No.:  3:16-cv-00375

v.

**EXPERIAN INFORMATION
SOLUTIONS, INC.,**

    **Defendants.**

## PLAINTIFF'S FIRST SUPPLEMENTAL Fed. R. Civ. P. 26(e) DISCLOSURES

COMES NOW the Plaintiff, **PATTY JO SHARP,** by counsel, and pursuant to Fed. R. Civ. P. 26(e), and makes the following supplemental disclosures to Defendant. These supplemental disclosures are based on information reasonably available to Plaintiff at this time. Plaintiff reserves the right to supplement these initial disclosures (either through express supplements to these disclosures or through responses to formal discovery) when additional information becomes available.

In making these supplemental disclosures, Plaintiff does not waive the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper ground to the use of any such information, for any purpose, in whole or in part, and this action or any other action. Plaintiff also does not waive the right to object to any request for production of any document, electronically stored information, or tangible thing on the basis of any privilege, the work product doctrine, evidentiary exclusion, relevancy, undue burden or any other proper ground.

1

**I. Individuals likely to have discoverable information**

    a.    Plaintiff, Patty Jo Sharp.

        *All facts.*

    b.    Employees of Bank of America

        *All facts regarding the Plaintiff's equity line and the fraudulent activity that occurred with Plaintiff's equity line.*

    c.    Employees of Experian Information Solutions, Inc.

        *All facts regarding the reporting of the subject matters of the Plaintiff's Complaint.*

    d.    Steven Schwartz
        12453 Coates Lane
        Doswell, VA  23047

        *Mr. Schwartz has knowledge of the problems that Melissa Hill has caused Ms. Sharp by fraudulently using her BOA accounts; the state court criminal conviction of Ms. Hill and Ms. Sharp's problems with BOA that have affected her credit rating and caused her emotional distress.*

    e.    William Fetty
        18466 Double Cedar Road
        Montpelier, VA 23192

        *Mr. Fetty has knowledge of the problems that Melissa Hill has caused Ms. Sharp by fraudulently using her BOA accounts; the state court criminal conviction of Ms. Hill and Ms. Sharp's problems with BOA that have affected her credit rating and caused her emotional distress.*

    f.    Kelly Saunders
        184 Mountain Road
        Montpelier, VA  23192

        *Ms. Saunders has knowledge of the problems that Melissa Hill has caused Ms. Sharp by fraudulently using her BOA accounts; the state court criminal conviction of Ms. Hill and Ms. Sharp's problems with BOA that have affected her credit rating and caused her emotional distress.*

    g.      Barbara Jarrett
             800 Copper Line Road
             Bumpass, VA  23024

> *Ms. Jarrett has knowledge of the problems that Melissa Hill has caused Ms. Sharp by fraudulently using her BOA accounts; the state court criminal conviction of Ms. Hill and Ms. Sharp's problems with BOA that have affected her credit rating and caused her emotional distress.*

    h.      David G. Parker
             Assistant Commonwealth's Attorney
             County of Hanover
             General Districts Court Building
             Hanover, VA  23069

> *Mr. Parker has knowledge of the criminal charges and subsequent conviction of Ms. Hill for grand larceny of property belonging to Patty Sharp having a value of more than $200/Felony.*

    i.      Evan D. Hendricks
             P.O. Box 302
             Cabin John, MD 20818
             (301) 229 7002 – Telephone

> *Expert witness*

    j.      Unknown persons as may be revealed in discovery by the Defendant.

    k.      All witnesses identified by the Defendants.

**II.  Description of documents in possession of the Plaintiff.**

Other than those documents obtained from the Defendant in discovery, the Plaintiff has the following documents in her possession and control:

Plaintiff's Bate Stamp Nos.  000001 – 000406– *Plaintiff's counsel will forward Plaintiff's Bate Stamped Exhibits under separate cover to Defendant's Counsel.*

| Document Type: | Bate Stamp # |
| --- | --- |
| Criminal Information with regard to charges against Melissa Hill and subsequent conviction information | 000001 - 000016 |
| Bank of America documents with regard to fraud claims | 000017 - 000077 |
| Bank of America – Correspondence regarding Visa Signature Card | 000078 - 000124 |

|  |  |
|---|---|
| Bank of America – Equity Loan – Transaction History from 8/25/2008 to 5/28/2014 | 000125 - 000128 |
| Bank of America – Equity Line – Correspondence | 000129 - 000205 |
| Bank of America – Equity Line Statements | 000206 - 000300 |
| Complaints regarding Bank of America | 000301 - 000335 |
| Experian Consumer Disclosures, Dispute and Correction Summary | 000336 - 000406 |
| ***Supplemental Documents produced 1-11-17:*** |  |
| Transcript of the Videotaped deposition of Pamela Carolina Aravena Tapia taken on August 16, 2013 in Calderon v. Experian, USDC, District of Idaho, 1:11-cv-00386 | 000407 - 000570 |
| Transcript of the Videotaped deposition of Gerald Ochoa taken February 7, 2014 in *Dreher v. Experian,* USDC ED Va., 3:11-cv-624 | 000571 - 000694 |
| Transcript of the Videotaped Deposition of Patricia Ann Henderson taken January 27, 2014, USDC ED Va., 3:11-cv-00624 | 000695 - 000799 |
| First Amended Stipulated Protective order in *Scroggins v. Experian,* USDC, ED Va., 3:07-cv-00486 | 000800 - 000811 |

### III. Computation of Damages

#### Itemization of Damages

The Plaintiff seeks damages that are unliquidated for the following categories of harm as "actual damage" in this matter. These actual damages are not liquidated and do not lend themselves to a statement of calculation but may be subject to an award of damages. *Williams v. Trader Pub. Co.,* 218 F.3d 481, 486-487 (5th Cir. 2000); *See Burrell v. Crown Central Petroleum, Inc.*, 177 F.R.D. 376, 386 (E.D.Tex.1997). Such damages will be determined by the jury in this matter.

#### Categories and types of Actual Damages

i. Plaintiff has suffered emotional and mental anguish, frustration and annoyance from being deterred from applying for credit.

ii. Plaintiff may have suffered emotional and mental anguish, frustration, humiliation, embarrassment and annoyance from being denied credit.

iii. Plaintiff may have suffered emotional and mental anguish, humiliation, anger and frustration, annoyance, and embarrassment

4

    as a result of the publication of the false information.

 iv. Plaintiff may have suffered general economic damages in the form of lost credit capacity and decreased credit scores.

 v. Plaintiff may have suffered general damages in the form of damage to reputation.

 vi. Plaintiff has been strapped with a false history, causing mental anguish, emotional distress, frustration, humiliation, and annoyance.

 vii. Plaintiff may have suffered lost opportunities to obtain credit in the form of an unspecified number of credit offers that the Plaintiff did not receive because of the false and derogatory information contained in her credit reports.

 viii. The damage to Plaintiff's credit score may have also impacted the interest rates she has on current loans, credit she may have requested during this ordeal, if applicable or caused decreased credit limits on existing accounts.

 ix. Plaintiff's economic damage also includes the considerable time, effort and expense she has been forced to expend attempting to force Defendants to comply with it's statutory obligations including telephone calls, writing letters, sending faxes.

 x. Plaintiff has endured substantial and ongoing emotional and mental anguish and loss of self-esteem because of this long ordeal to recapture her good name and credit, as well as the fact that Defendants continue to persist in painting Plaintiff in a false light both personally and financially.

 xi. Plaintiff may have also suffered embarrassment from having to explain herself to potential creditors as well. Plaintiff suffers anxiety when considering seeking additional credit because she believes, justifiably, that she will be forced to once again subject herself to the humiliation of having to explain the false and defamatory information that continues to be circulated about her through her credit report.

### **Case Law Supporting Actual Damages**

 Such damages will likely be in keeping with the following decisions and settlements involving consumer credit issues and damages for emotional distress, embarrassment and humiliation and similar elements

 *Adams v. Phillips*, 2002 U.S. Dist. LEXIS 24888 (E.D. La. 2002) ($225,000

actual damages based upon general and economic damage theories);

*Anderson v. Conwood Co.* 34 F. Supp. 2d 650 (W.D. Tenn. 1999) ($50,000 in actual damages awarded in absence of testimony other than worry, stress and anxiety);

*Bach v. First Union,* No. 3:01CV191 (S. D. Ohio) ($400,000 in actual damages);

*Bell v. May Dep't Stores*, (Missouri 2000, Case No. 22942-09508-01, jury award $50,000 actual damages);

*Boris v. Choicepoint Servs., Inc.*, 249 F.Supp2d 851(W.D. Ky. Mar. 14, 2003) ($197,000 emotional distress damages remitted to $100,000 based upon inaccurate credit reporting by credit reporting agency);

*Brimm v. Midland Credit Management, Inc.,* (N.D. AL February 25, 2011) ($100,000 jury verdict for actual damages and $623,180 for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

*Brown v. Experian*, No. 3:01CV1967-RNC (D. Conn. April 16, 2004) ($50,000 jury verdict for emotional distress damages and lost credit in reinvestigation case under 15 U.S.C. §1681idefended by Jones Day);

*Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma*, No. CJ 00 227, Feb. 14, 2002 ($450,000 in actual damages for emotional distress);

*Drew v. Equifax* No. 3:07CV726-SI (N.D. Cal. Aug. 8, 2010)($315,000 in compensatory damages for emotional distress, plus $6,326.00 in other actuals);

*Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995) (jury awarded $275,000 for humiliation and mental distress damages available under FCRA following remand);

*Jansen v. Experian*, 2011 WL 846876 (D. Or. Mar. 9, 2011)(stipulated judgment of $275,000).

*Johnson v. MBNA*, (E.D. Va. 2002) (jury award of $90,300 for emotional distress and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s 2(b) appeal reported at 357 F.3d 426 (4th Cir.2004);

*Jorgenson v Experian*, No. 96CV286-JE (D. Ore. 1998)($600,000 in actual damages);

*Kirkpatrick v. Equifax*, (2005 WL 1231485, May 23, 2005, D. Oregon) ($210,000 actual damages for identity theft reinvestigation claim);

*McGowan v. Warner*, No. 95CV3310 (Alabama 1999)($1.85 million to theft of identity victim);

*Mills v. NationsBank* (3rd Judicial District, Lake City, Florida, 1999) (Jury award $140,000 actual);

*Miller v. Equifax Information Services, LLC.*, 3:11-cv-1231 (D. Or. 2011) (awarding 18.4 million dollars in damages against Equifax)

*Mullins v. Equifax Info. Servs., Inc.*, 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages and $100,000 in punitive damages)

*Peer v. Lewis*, 2008 WL 2047578 (S.D. Fla)($133,200 damages, remittitur to $12,500);

*Quitto v. Bay Colony Golf Clubs*, 2007 WL 4098847 (M.D. Fla. Nov. 15, 2007)($130,000 actual damages);

*Reilly v. Duvall County Public Schools*, 2007 WL 2120547 (M.D. Fla. July 23, 2007)($208,197.18 actuals awarded, but capped at $100,000 under Florida law);

*Robinson v. Equifax*, No. 06CV1336 (E.D. Va. 2006)($200,000 actual damages for identity theft reinvestigation claim) aff'd at 560 F.3d 235 (4th Cir. 2009);

*Sloane v. Equifax*, No. 1:05CV1272-LMB (E.D. Va. 2005)($350,000 actual damages for identity theft reinvestigation claim);

*Soghomonian v. Trans Union*, No. Civ. F 99CV5773-SMS (E.D. Cal. 2004) stipulated at 2005 WL 1972594 (E.D.Ca. June 20, 2005) ($330,000 actual damages);

*Stevenson v. TRW*, 987 F.2d 288 (5th Cir. 1993) ($30,000 in mental anguish and embarrassment damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (Jan. 20, 2003)(docket #184)($300,000 actual damage for emotional distress);

*Thompson v. Equifax*, (2003 WL 1579757, M.D. Ala., March 3, 2003) (jury award $80,000);

*Thompson v. San Antonio Retail Merchant*, 682 F.2d 509 (5th Cir. 1982)($10,000 actual damages for humiliation and mental distress even when no out of pocket

7

expenses);

*Trans Union Corp. v. Crisp*, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages);

*Wenger v. Trans Union*, No. 2:95CV6445-ER (C.D. Cal. 1996)($200,000 actual damages award);

*Williams v. Equifax*, 9th Judicial Circuit, Orange County, Florida, Case No. 48-2003-CA-9035-0, Nov. 17, 2007 ($219,000 actual damages)

*Zamora v. Valley Fed. S&L Ass'n*, 811 F.2d 1368 (10th Cir. 1987) ($61,500 in actual damages for emotion distress sustained based on impermissible access of consumer report under false pretenses);

*Zotta v. Nations Credit*, No: 4:02 CV 1650 (E.D. Mo. Jan. 28, 2004)($87,000 actual damages award).

c. **Specific examples of credit denials/ adverse actions**

The Plaintiff has experienced specific and known damage to her credit that has been manifested in the Plaintiff's credit reports.

d. **Punitive Damages.**

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony, that of their expert witness and through the testimony of the employees of the Defendant against who such damages are sought.

e. **Case Law Supporting Punitive Damages.**

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

*Bach v. First Union Nat. Bank*, 486 F.3d 150, 152 (6th Cir. 2007) $2,628,600 in punitive damages remitted to $400,000 in one-dispute case);

*Boris v. ChoicePoint Servs., Inc.*, 249 F.Supp.2d 851, (W.D. Ky. 2003)($250,000 in punitive damages award was appropriate under FCRA);

*Brimm v. Midland Credit Management, Inc.,* No. CV 10-J-369-NE (N.D. AL February 25, 2011) ($623,180 jury verdict for punitive damages for emotional distress and lost credit based upon Defendant's violation of the Fair Credit Reporting Act.)

8

*Conseco Finance Servicing Corp. v. Carlson*, District Court, Creek County, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $ 900,000 in punitive damages upheld);

*Dixon-Rollins v. Trans Union* (E.D. Pa. Civ. No. 09-0646) ($30,000 jury verdict for actual damages) (jury award of $500,000 in punitive damages, remitted to $270,000)

*Drew v. Equifax Info. Services*, LLC, C 07-00726 SI, 2010 WL 5022466 (N.D. Cal. Dec. 3, 2010) (No remittitur of $700,000 punitive damage award);

*Mills v. NationsBank, N.A*. 3d Judicial District of Florida (Lake county1999) (Jury award $300,000 punitive damages for false credit reports)

*Mullins v. Equifax Info. Servs., Inc.,* 2007 U.S. Dist. LEXIS 62912 (E.D. VA. Aug. 27, 2007) (jury verdict upheld $20,000 in actual damages an $100,000 in punitive damages)

*Saunders v. Branch Banking and Trust Co., of Virginia,* 526 F. 3d 142 (4th Cir. 2008) Fourth Circuit affirmed jury award under FCRA of $1,000 statutory damages and $80,000 punitive damages)

*Soghomonian v. Trans Union*, No. 99CV5773, 2005 WL 1972594(E.D. Ca 2005)($660,000 punitive damages);

*Thomas v. Trans Union*, No. 3:00CV1150 (D. Or. Jan. 29, 2003) ($5 million for punitive damages, remitted to $1 million);

*Thorton v. Equifax Inc*., 467 F. Supp. 1008 (E.D. Ark. 1979) ($250,000 in punitive damages).

Williams v. Equifax Information Solutions, LLC:  Circuit Ct. or 9th Judicial Circuit, Orange County, Florida – No. 48-2003-CA-9035-O; Order dated Nov. 17, 2007; jury verdict, Nov. 30, 2007 ($2.7 million in punitive damages).

Plaintiff reserves the right to further supplement these disclosures.

9

**PATTY JO SHARP**

By:     /s/
Leonard A. Bennett, Esq.
VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J-Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

Susan M. Rotkis, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail: srotkis@clalegal.com

Craig C. Marchiando, VSB#89736
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J-Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
Email: craig@clalegal.com

Elizabeth Hanes, VSB#75574
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J-Clyde Morris Boulevard
Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
Email: elizabeth@clalegal.com

Dale W. Pittman, VSB#15673

        The Law Office of Dale W. Pittman, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000 – Telephone
(804) 861-3368 - Facsimile
Email: dale@pittmanlawoffice.com

Counsel for Plaintiff

### *CERTIFICATE OF SERVICE*

      I hereby certify that on this 11th day of January, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

David Neal Anthony
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23218
Email: david.anthony@troutmansanders.com

William V. O'Reilly
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
Email: woreilly@jonesday.com

        /s/
Leonard A. Bennett, Esq.,VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J-Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com

11